**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                              **CRIMINAL NO. 3:19cr147CWR-FKB**

**RICARDO SANTIZO-GOMEZ**

### Motion to Dismiss Indictment

Comes now Defendant RICARDO SANTIZO-GOMEZ and files this Motion to Dismiss Indictment. The defense seeks dismissal of the Indictment because no language interpreter can be located that speaks Chuj, the only language spoken and understood by Mr. Santizo-Gomez. In support of this Motion, Mr. Santizo-Gomez presents the following:

**A.     Relevant facts.**

Mr. Santizo-Gomez, a non-citizen of the United States, has been indicted for violating immigration laws of the United States. He speaks Chuj, an unusual dialect of the Mayan language. During his initial appearance on August 26, 2019, and during his detention hearing on September 4, 2019, a person fluent in Chuj was available to interpret from English to Chuj for Mr. Santizo-Gomez, and to translate from Chuj to English for the court, the court personnel and the attorneys in this case.

Since the initial appearance and the detention hearing, the Chuj interpreter has not returned telephone calls or responded to emails from the Public Defender Office. Also, the Public Defender Office has been unable to locate any other Chuj interpreter.

1

B.     **Applicable law and argument.**

Criminal defendants have a constitutional right to a language interpreter if they cannot communicate with counsel or the court because of a language barrier. *United States v. Mejia-Perez*, CR 18-00062-TUC-RM (EJM), 2018 WL 3015012 at *5 (D. Ariz. May 30, 2018) (citing *United States v. Si*, 333 F.3d 1041, 1043–44 (9th Cir. 2003)). This issue is controlled in part by the Court Interpreters Act of 1978, which states in part:

> The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter, in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings—(A) speaks only or primarily a language other than the English language[.]

28 U.S.C. § 1827(d)(1). "Under the Court Interpreters Act, the Court must evaluate and make a record regarding the defendant's language abilities." *Mejia-Perez*, 2018 WL 3015012 at *5 (citing *United States v. Murguia-Rodriguez*, 815 F.3d 566, 570 (9th Cir. 2016); *Si*, 333 F.3d at 1044–45).

The *Mejia-Perez* court goes on to recognize constitutional rights associated with the right to a language interpreter in court. The court held:

> In addition to the statutory right to have an interpreter, numerous courts have recognized that the presence of an interpreter who provides accurate and complete translations is necessary to protect a defendant's constitutional rights. "These include the right to be **meaningfully present** at one's own trial, to assist in one's own defense, to have effective assistance of counsel and to confront the government's witnesses on cross examination." *United States v. Mosquera*, 816 F.

2

Supp. 168, 172 (E.D. N.Y. 1993). *See Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994) (an accurate and complete translation of all attorney-client communications is necessary to ensure that a defendant receive effective assistance of counsel); *United States v. Carrion*, 488 F.2d 12 (1st Cir. 1973) (per curiam) (fair and accurate interpretation of proceedings essential to a defendant's rights under the Confrontation Clause); *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir. 1990) (acknowledging that the Court Interpreters Act, 28 U.S.C. § 1827, was intended to protect the existing constitutional rights of non-English speaking criminal defendants).

*Mejia-Perez*, 2018 WL 3015012 at *5 (emphasis added).  The court went on to hold:

> Without an interpreter, the defendant cannot truly be "**present**" at his trial because he cannot be informed about the proceedings so he can assist in his own defense. Nor does he possess the ability to consult with his lawyer with a reasonable degree of rational understanding. Thus, effective assistance of counsel is not possible because the defendant cannot provide his lawyer with intelligent and informed input. Due process is likewise not possible because the defendant does not have real notice of the true nature of the charge against him (other than being advised of the charge at his arraignment) or, more importantly, the purported evidence that the government has to prove the charge. Finally, the confrontation clause cannot be complied with because, again, the defendant does not know the full extent of the nature and cause of the accusation that he is called upon to answer.

*Mejia-Perez*, 2018 WL 3015012 at *6 (emphasis added).

All of the above law in *Mejia-Perez* is from a Report and Recommendation of a magistrate judge.  Ultimately, the district judge adopted the Report and Recommendation and dismissed the case.  *United States v. Mejia-Perez*, CR 18-00062-TUC-RM (EJM), 2018 WL 3012215 (D. Ariz. June 15, 2018).

Based on the well-reasoned law set forth in *Mejia-Perez*, Mr. Gomez's Indictment should be dismissed because there is not an interpreter available that speaks Chuj, which is the only language that he speaks and understands.  *See also United States v. Cervantez-*

*Hernandez*, No. CR-17-01414-TUC-RM (BGM), 2018 WL 949204 (D. Ariz. Feb. 20, 2018) (magistrate judge recommending dismissal of the indictment because of unavailability of a language interpreter that spoke defendant's language).

**C.     Conclusion.**

WHEREFORE, Defendant RICARDO SANTIZO-GOMEZ respectfully asks this Court to grant this Motion to Dismiss Indictment.

Respectfully submitted, this the 10th day of September, 2019.

*Omodare B. Jupiter*
**Omodare B. Jupiter** (Miss. Bar # 102054)
Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  omodare_jupiter@fd.org

Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Omodare B. Jupiter, certify that on September 10, 2019, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

>*Omodare B. Jupiter*
>**Omodare B. Jupiter**
>
>Attorney for Defendant